IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SNORKEL INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | Case No. 08-2270-CM |
| UNIVERSAL EQUIPMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on Defendant's Motion for Extension of Time to File Motion to

Dismiss for Failure to Join Necessary Party and to File Motion to Join an Additional Party (Doc.

49). Defendant asks the court to grant additional time to file the motions because it has not received

all of the discovery that it believes it should, and defendant has filed a motion to compel seeking that

discovery. Without the discovery, defendant contends, it cannot determine whether to file a motion

to dismiss or motion to join an additional party. Plaintiff opposes the motion in part. Plaintiff

argues that defendant is not entitled to an extension of time to file a motion to dismiss because the

original time to file such a motion has already expired. Plaintiff does not oppose a short extension

of time to file a motion to join an additional party, but does oppose the length of time that defendant

seeks.

### Relevant Timeline

The following timeline provides the framework for the court's decision:

▸   9/22/08      Defendant filed a motion to dismiss for failure to join a necessary party under
              Rule 19.

▸   12/2/08      The court denied defendant's motion to dismiss without prejudice, granting
              time for discovery relevant to the court's Rule 19 inquiry. The court stated
              that this limited discovery should be completed by March 17, 2009. The court

also stated that "[d]efendant may refile a Rule 19 motion with any necessary additional support on or before April 7, 2009."

▸ 12/18/08    Judge Waxse entered a scheduling order setting a deadline of May 7, 2009 for motions to dismiss based on the propriety of parties.

▸ 2/23/09    Plaintiff objected to some of defendant's discovery requests.

▸ 3/5/09    Plaintiff produced some of the documents objected to, but not all of them.

▸ 3/17/09    The parties jointly requested an extension of two deadlines: the deadline for completing discovery related to the court's 12/2/08 order and the deadline for filing motions to join additional parties or otherwise amend the pleadings.

▸ 3/18/09    The court extended the deadlines jointly requested by the parties. The discovery deadline was extended to May 16, 2009, and the deadline for filing motions to join additional parties or otherwise amend the pleadings was extended to June 5, 2009.

▸ 5/7/09    The deadline for filing a motion to dismiss based on the propriety of parties expired.

▸ 5/12/09    Plaintiff gave defendant supplemental responses to its earlier discovery.

▸ 5/15/09    Defendant filed a motion to compel discovery, which is now pending before Magistrate Judge Waxse.

▸ 6/5/09    Defendant filed the instant motion.

### Extension of Time for Motion to Dismiss

Plaintiff asks the court to deny defendant's request for an extension of time to file a motion to dismiss based on the propriety of the parties because defendant did not request an extension before May 7, 2009. When the time to file a document has passed, the court may grant leave to file out of time only if (1) good cause is shown and (2) "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); D. Kan. R. 6.1(a) ("Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect.").

-2-

Defendant asserts that there is good cause for an extension because it did not know before May 7 that plaintiff would not produce all of the documents requested; plaintiff served its supplemental responses to the discovery requests on May 12.  The supplemental responses also indicated for the first time that plaintiff had withheld a letter from document production on March 5 that allegedly bears on the issues relevant here.  As indicated above, defendant has since filed a motion to compel regarding these disclosures.  These facts, in conjunction with those examined below, establish good cause in the event that defendant is correct that it is entitled to the disputed discovery.

When considering whether neglect is excusable, the court applies the following guidelines:

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include, as the Court of Appeals found, the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

Here, the danger of prejudice to plaintiff is slight.  Plaintiff claims that mediation efforts will be frustrated if the court allows defendant to file an untimely motion to dismiss.  The court understands that an extension of time may result in the Rule 19 issues remaining unresolved at the time of mediation.  But the court will not base its decision on whether mediation efforts will be frustrated.  Rather, the court seeks to find a just and reasonable resolution of the issues pending before it.

The length of delay is relatively short; only twenty-nine days passed before defendant filed the instant motion.  Also, any delay's impact on the proceedings of this case is negligible; full discovery does not close until September 2009, and trial nearly a year away.

Defendant's given reason for the delay is reasonable—it appears that defense counsel may have misunderstood the agreed-upon extension of time for filing motions that Judge Waxse granted in March 2009. While defendant could have avoided the delay by insisting on more specific language in the joint motion and proposed order, the court finds that defendant's actions were inadvertent and the result of a reasonable mistake. This finding leads to the conclusion that defendant has acted in good faith.

Based on consideration of the *Pioneer* equitable factors, the court concludes that the following resolution is just, reasonable, and fair: The court believes that if Judge Waxse grants any part of the motion to compel, defendant has shown good cause for an extension and excusable neglect for not requesting the extension earlier. If, on the other hand, Judge Waxse denies defendant's motion to compel in its entirety, good cause for extending the deadline does not exist, as defendant will not be entitled to further discovery on the propriety of the parties. In that instance, defendant will have the same information that it had at the time the deadline for filing a motion to dismiss passed or within five days of the date it passed.

The court therefore grants defendant's motion in part and denies it in part. The court conditionally extends the time to file a motion to dismiss based on the propriety of the parties: In the event that Judge Waxse denies the pending motion to compel in its entirety, the deadline for filing a motion to dismiss pursuant to Rule 19 is not extended. In the event that Judge Waxse grants any portion of the pending motion to compel, the deadline for filing a motion to dismiss pursuant to Rule 19 is twenty days after production of the relevant documents.

**Extension of Time for Motion To Join a Party**

When a request for an extension of time is made before the original time expires, the court may extend the deadline for good cause. Fed. R. Civ. P. 6(b)(1)(A). For the reasons set forth above,

defendant has shown good cause for needing an extension of the deadline to join a party if Judge

Waxse grants any portion of defendant's motion to compel.  In that event, the deadline is extended to

twenty days after production of the relevant documents.

Because defendant timely requested an extension, the court believes it would be inefficient

and unjust to require defendant to file a motion to join a party before receiving any ruling from

Judge Waxse on its motion to compel.  For this reason, the court rejects plaintiff's position that a

short extension of five days is sufficient.  Instead, in the event that Judge Waxse denies the pending

motion to compel in its entirety, the court grants defendant fourteen days after the date of Judge

Waxse's order to file a motion to join an additional party.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Extension of Time to File

Motion to Dismiss for Failure to Join Necessary Party and to File Motion to Join an Additional Party

(Doc. 49) is granted in part and denied in part.  The deadlines are conditionally extended in the

following manner:

In the event that Judge Waxse **denies** the pending motion to compel in its entirety, the

deadline for filing a **motion to join an additional party** is **fourteen days** after denial of the motion

and the deadline for filing a **motion to dismiss pursuant to Rule 19** is **not extended**.

In the event that Judge Waxse **grants any portion** of the pending motion to compel, the

deadline for filing **either a motion to dismiss or a motion to join additional parties** is **twenty**

**days** after production of the relevant documents.

Dated this 30th day of June 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**