# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SNORKEL INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 08-2270-CM |
| UNIVERSAL EQUIPMENT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Snorkel International, Inc. brings this breach of contract case against defendants Universal Equipment, Inc. ("Universal") and Alastair Robertson, president of Universal. Plaintiff seeks to hold defendant Robertson responsible for corporate transactions under the corporate veil-piercing theory. The case is before the court on the Motion of Defendant Alastair Robertson to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(6) (Doc. 92). Defendant Robertson claims that plaintiff's allegations against him do not meet the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. –, 129 S. Ct. 1937, 1950 (2009).

## I.   Standard of Review

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to state a facially plausible claim to relief. *Twombly*, 550 U.S. at 570. While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 557).

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Iqbal*, 129 S. Ct. at 1951. The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## II. Choice of Law

The parties dispute whether Illinois or Kansas law applies to the court's analysis. Choice of law analysis, however, is unnecessary at this time. The law in both states governing whether a corporate veil should be pierced is not materially different for purposes of this motion. Both states generally require the showing of two elements: (1) unity of interest and ownership such that the identities of the corporation and the individual are not distinct; and (2) that adhering to the corporate fiction would promote injustice or sanction fraud. *Kilpatrick Bros., Inc. v. Poynter*, 473 P.2d 33, 41–42 (Kan. 1970) (also stating that the corporate entity must be used as a "mere instrumentality" for the stockholder to conduct his own business); *Source One Global Partners, LLC v. KGK Synergize, Inc.*, No. 08 C 7403, 2009 WL 2192791, at *3 (N.D. Ill. July 21, 2009). Both states examine eight factors to determine whether to pierce the corporate veil. *Graeber v. Marion County Landfill, Inc.*, 76 P.3d 1000, 1017 (Kan. 2003) (citation omitted); *NPF WL, Inc. v. Sotka*, No. 99 C

7966, 2000 WL 574527, at *7 (N.D. Ill. May 10, 2000). Six of the factors are precisely the same in both states: (1) undercapitalization; (2) disregard of corporate formalities; (3) failure to pay dividends; (4) disengagement of other officers/directors; (5) absence of corporate records; and (6) the use of the corporation as a facade for dominant stockholders' operations. *See Graeber*, 76 P.3d at 1017 (citation omitted); *NPF WL, Inc.*, 2000 WL 574527, at *7. The remaining two factors—debtor insolvency and failure to issue stock (Illinois), and funds-siphoning and the use of the corporate entity for fraud or injustice (Kansas)— are different in form, but not in material meaning. *See Graeber*, 76 P.3d at 1017 (citation omitted); *NPF WL, Inc.*, 2000 WL 574527, at *7. This is particularly so because neither state requires that a party meet all of the factors. The court therefore proceeds without determining which state's law applies at this time. *See Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1575 n.18 (10th Cir. 1990) (declining to resolve the general question of which law applies because it was not materially different between the two states).

## III. Analysis

Plaintiff's first amended complaint contains two paragraphs of allegations regarding defendant Robertson's involvement with defendant Universal:

4. Robertson is an individual residing in Glen Ellyn, Illinois. Robertson is an officer and director and the sole shareholder of Universal, a closely held corporation. Robertson was the person who performed the wrongful acts alleged herein against Universal, such that the act of Robertson is the act of Universal and vice versa.
5. At all times hereinafter mentioned, Universal was and is Robertson's alter ego such that the corporate veil should be pierced. Upon information and belief, Robertson siphoned substantial sums of corporate monies to himself while Universal was insolvent, and used corporate funds for personal use. In addition, the assets of Universal are insufficient to satisfy its debt to Plaintiff arising from the transactions alleged herein.

While these allegations are scant, they come close to satisfying *Twombly* and *Iqbal* standards under

either Kansas or Illinois law—primarily because much can be inferred from an allegation that defendant Robertson siphoned substantial funds. However, in comparing the allegations in this case to those in other similar cases, the court must conclude that they are insufficient to meet the demanding standards of *Twombly* and *Iqbal*.

When plaintiff's allegations are reduced to their essence, plaintiff alleges that Universal is a closely-held corporation. In and of itself, this allegation does not suggest wrongful conduct. Neither does the allegation that defendant Robertson is the sole shareholder of Universal, although both allegations can work in conjunction with other facts to show that there is an improper "unity of interest." This leaves the allegations that defendant Robertson performed the wrongful acts in this case; that he "siphoned substantial sums of corporate monies to himself while Universal was insolvent, and used corporate funds for personal use"; and that "the assets of Universal are insufficient to satisfy its debt to Plaintiff." These allegations meet several of the eight factors used in Kansas and Illinois, but leave a number of them unaddressed.

To be certain, the allegations contain less detail than those that other courts have found sufficient under *Twombly*. *Compare Laguna v. Coverall N. Am., Inc.*, No. 09cv2131 JM(RBB), 2009 WL 5125606, at *3 (S.D. Cal. Dec. 18, 2009) (finding sufficient allegations where the complaint alleged that "Allied is the sole shareholder in Coverall and Coverall Cleaning Concepts, LLC; regularly removed cash and other assets from Coverall to minimize the ability of creditors to attach funds; did not respect normal corporate formalities (failed to keep corporate minutes and/or backdated such minutes); failed to contribute capital, issue stock, or otherwise complete the formation of these entities; and failed to provide adequate capital and operating funds") *and Lacey v. Malandro Commc'n Inc.*, No. 09-1429-PHX-GMS, 2009 WL 4755399, at *6 (D. Ariz. Dec. 8, 2009) (finding allegations sufficient where complaint alleged that the company was an undercapitalized

shell corporation; Ms. Malandro was the sole shareholder and failed to maintain corporate formalities; Ms. Malandro drained the company's assets and misused corporate funds; Ms. Malandro intentionally undercapitalized the company in order to prevent judgment recovery; and Ms. Malandro hired employees to complete personal tasks and misreported income and expenses to the IRS) *with Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*, No. 09-4106 AMH, 2009 WL 3672518, at *4 (C.D. Cal. Oct. 29, 2009) (finding insufficient allegation of fraud or injustice where the plaintiff claimed that "[a]dherence to the fiction of the separate existence of ACFW [sic], RRC and RRF as entities distinct from Gillam would permit an abuse of the corporate privilege, sanction fraud and promote injustice. ACFW [sic], RRC and RRF have insufficient assets to respond to the an [sic] award of compensatory damages, costs, attorneys' fees and punitive damages sought in this case."). After reviewing these cases and others, the court determines that plaintiff must present more factual detail than that presented in the instant case to survive defendant Robertson's motion to dismiss.

That said, the court is hesitant to require plaintiff to go through what may be a largely hollow exercise at this stage of the litigation—requesting leave to amend its complaint. Plaintiff asks the court to allow it leave to amend its first amended complaint if the court finds that its allegations do not meet the *Twombly* and *Iqbal* standards. Ordinarily, the court requires such a request to be in the form of a motion complying with its local rule on proposed amendments, D. Kan. R. 15.1. But here, the procedural posture of the case would make strict adherence to the rule inefficient and unjust. The parties are in the midst of discovery, and the court does not believe that the best way to proceed with the case is a motion to amend that may be challenged by defendant Robertson. Rather, the record suggests that plaintiff should be granted leave to amend without prejudice to defendant Robertson's right to challenge the amendment in a subsequent dispositive motion. An amended

claim may not ultimately be successful, but at this stage, plaintiff should be allowed to amend.

### IV. Motion to File a Surreply

Plaintiff seeks leave to file a surreply to respond to evidence that defendant Robertson attached to his reply brief. The court has not considered any documents outside the pleadings in deciding this motion to dismiss. Because the court has not considered the documents, there is no need to file a surreply. Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED** that the Motion of Defendant Alastair Robertson to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 92) is granted. The claims against Alastair Robertson are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff may file second amended complaint including allegations against Alastair Robertson on a theory of piercing the corporate veil within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Surreply (Doc. 108) is denied as moot.

Dated this 26th day of March 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**