# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SNORKEL INTERNATIONAL, INC., ) ) Plaintiff, ) ) v. ) ) UNIVERSAL EQUIPMENT, INC., ) ) Defendant. ) ) | CIVIL ACTION  Case No. 08-2270-CM |

## MEMORANDUM AND ORDER

Plaintiff Snorkel International, Inc. brings this breach of contract case against defendants Universal Equipment, Inc. ("Universal") and Alastair Robertson, president of Universal. Plaintiff seeks to hold defendant Robertson responsible for corporate transactions under the corporate veil-piercing theory. The case is before the court on defendants' Motion for Separate Trials Pursuant to Fed. R. Civ. Pro. 42(b) and Motion for Protective Order Pursuant to Fed. R. Civ. Pro. 26(c) (Doc. 129).

Under Rule 42(b), district courts have discretion to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize. . . ." Fed. R. Civ. P. 42(b). The court may find bifurcation of issues appropriate "if such interests favor separation of issues and the issues are clearly separable." *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (citation omitted). Where the resolution of one claim may eliminate the need to decide another claim, bifurcation often serves the interests of efficiency and judicial economy. *See Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 194 (10th Cir. 2004). But the court abuses its discretion when it orders bifurcation that is "unfair or prejudicial to a party." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) (citations omitted).

Defendants argue that separate trials would avoid prejudice and promote convenience, expedition, and judicial economy for several reasons: (1) resolution of the underlying breach of contract claim may dispose of plaintiff's case, rendering it unnecessary to decide the corporate veil-piercing issue; (2) the corporate-veil-piercing theory involves several elements that will require additional discovery unnecessary to the breach of contract claim; (3) defendant Robertson was only recently served with the Second Amended Complaint, but the case has been proceeding since June 11, 2008; (4) the jury is likely to be prejudiced if evidence of defendant Robertson's personal assets and personal involvement are introduced in a trial on the breach of contract claim; and (5) if the claims are presented together, the corporate veil-piercing issues are likely to predominate and confuse the jury. Because the claims should not be tried together, defendants argue, the court should enter a protective order, staying initial disclosures as to defendant Robertson until the underlying breach of contract claims are heard.

Plaintiff characterizes defendants' motion as a vehicle for delaying the discovery process. Plaintiff cites a case stating that a two-stage discovery process is inefficient, unnecessary, and prejudicial to plaintiff. *See Worldcom Tech., Inc. v. Intelnet Int'l, Inc.*, No. 00-2284, 2002 WL 1971256 (E.D. Pa. Aug. 22, 2002). Plaintiff cites another case for the proposition that an alter-ego claim is intertwined with the underlying claim because the witnesses are likely the same, and that hearing from each witness only once is more efficient than recalling the witness for separate proceedings. *See I-Sys., Inc. v. Softwares, Inc.*, No. 02-1951, 2004 WL 742082 (D. Minn. Mar. 29, 2004). Plaintiff also refers to defendant's argument that defendant Robertson will have to "catch-up" if the case proceeds against him as "patently disingenuous." Plaintiff points out that defendant Robertson has been familiar with the case since its inception, as he is the sole shareholder, founder,

and President of defendant Universal. Finally, plaintiff points to the prejudice it will suffer if the court orders bifurcation at this time. Further delays will unnecessarily increase costs and fees. Defendants will have the opportunity to dissipate assets, and evidence may be lost or forgotten.

After weighing considerations of judicial efficiency, economy, convenience, and prejudice, the court determines that bifurcation at this stage of the proceedings would unduly prejudice plaintiff. Any efficiency to be achieved by bifurcation is uncertain; indeed, if a jury finds that defendant Universal breached the contract, there would be no efficiency gained by bifurcation. Instead, any recovery by plaintiff would be further delayed while the court reopened discovery and scheduled another trial with a second jury. Moreover, the witnesses and much of the evidence in both trials would likely overlap. And the witnesses for the second trial may experience failing memories. This case has already been pending for over two years. The prejudice that plaintiff may suffer by separating the claims outweighs any potential—but uncertain—efficiency that could be gained by bifurcation. The court is also confident that it can avoid any potential juror confusion by appropriately instructing the jury at the time of trial.

If, at a later date, additional reasons arise suggesting that a bifurcated trial would be appropriate, defendants may raise this issue again. The court's ruling is without prejudice. At this time, the court finds no compelling reason to bifurcate the claims.

Defendants seek a protective order in their motion for only one reason: because the claims should be bifurcated, the court should delay discovery on the corporate veil-piercing claim until after a trial on the breach of contract claim. The court has held that bifurcation is not appropriate, and therefore also denies defendants' request for a protective order.

**IT IS THEREFORE ORDERED** that defendants' Motion for Separate Trials Pursuant to Fed. R. Civ. Pro. 42(b) and Motion for Protective Order Pursuant to Fed. R. Civ. Pro. 26(c) (Doc.

129) is denied. The motion for separate trials is denied without prejudice. The motion for a protective order, based on defendants' position that discovery on the corporate veil-piercing claim should not be allowed until after a full trial on the breach of contract claim, is denied with prejudice.

Dated this 11th day of June 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**