# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SNORKEL INTERNATIONAL, INC., | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) Case No. 08-2270-CM-DJW |
| UNIVERSAL EQUIPMENT, INC. and ALASTAIR ROBERTSON, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On February 10, 2010, the Court entered an Order (doc. 97) denying without prejudice to refiling the parties' respective pending motions to compel on the grounds that some of the discovery issues had been resolved, some of the issues required additional briefing due to recently added claims in the case, and it appeared that new discovery issues had arisen. The Court instructed the parties to refile their motions to reflect the parties' current arguments concerning their current discovery disputes. Thus, on February 22, 2010, Plaintiff filed its Renewed Motion to Compel Discovery (doc. 102). For the reasons set forth below, the Motion is granted.

## I.     BACKGROUND

This case arises out of the purchase of equipment from Plaintiff. Plaintiff contends that Defendant Universal Equipment, Inc. offered to purchase aerial lifts and related products from Plaintiff through several purchase orders and replacement part orders. Plaintiff further contends that it accepted and filled these orders and that Defendant Universal Equipment then refused to pay for the equipment. Plaintiff therefore filed this action against Defendant Universal Equipment for breach of contract, violation of the Kansas Uniform Commercial Code, and quantum meruit.

Defendant Universal Equipment, on the other hand, contends that Shojiro Yamashita, a Japanese citizen, purchased the equipment from Plaintiff and that Mr. Yamashita used the business

name "Universal Equipment Inc. Japan" for his operation in Japan. Defendant Universal Equipment claims that it simply acted as a broker in the transaction. According to Defendant Universal Equipment, Mr. Yamashita placed the orders with Plaintiff, the equipment was delivered to Japan, Mr. Yamashita forwarded payment for the orders to Defendant Universal Equipment, Defendant Universal Equipment deducted its commission and freight charges, and then Defendant Universal Equipment forwarded the amount due to Plaintiff.

Plaintiff has also asserted a veil-piercing claim against Defendant Universal Equipment's sole shareholder, officer and director, Defendant Alastair Robertson. At the time the Motion, response brief, and reply brief were filed, it was not clear whether Alastair Robertson would be a defendant in this case and, if he was a defendant, whether the Court would allow separate trials of Defendant Universal Equipment and Defendant Alastair Robertson and stay all discovery as to Defendant Alastair Robertson. However, as of the date of this Order, Alastair Robertson is a defendant in this case and the Court denied without prejudice Defendants' motion for separate trials and their motion to stay discovery against Defendant Alastair Robertson. Thus, Plaintiff's veil-piercing claims against Defendant Alastair Robertson are a part of this case and may serve as a basis for the relevance of the discovery sought by Plaintiff.

Plaintiff filed its Motion seeking to compel Defendant Universal Equipment, Inc. to respond fully to Plaintiff's Document Request Nos. 22, and 26-31 and Plaintiff's Interrogatory Nos. 18, and 20-24. Defendant Universal Equipment objected to these document requests and interrogatories on the grounds that they are not relevant and seek confidential information.

## II. TIMELINESS OF MOTION AND DISCOVERY RESPONSES

The parties dispute whether Plaintiff timely filed its Motion seeking to compel Defendant Universal Equipment to respond to Document Request No. 22. The parties also dispute whether Defendant Universal Equipment timely responded to Document Request Nos. 26-31 and Interrogatory Nos. 18, and 20-24 and, consequently, whether Defendant Universal Equipment

2

waived its objections to these document requests and interrogatories. The Court need not explore these issues in detail. It is clear from the parties' briefing that good cause exists for an extension of time for Plaintiff to file its Motion and good cause exists to excuse Defendant Universal Equipment's delay in responding to Plaintiff's discovery requests. The Court will therefore exercise its discretion and consider the Motion and Defendant's objections on their merits.

## III. DISCUSSION

According to Plaintiff, Document Request Nos. 22, and 26-31 and Interrogatory Nos. 18, and 20-24 all seek financial information regarding Defendant Universal Equipment and its president and sole shareholder, Defendant Robertson.

> Document Request No. 22 seeks "[a]ll federal and state income tax returns of Defendant [Universal], including any k-1s."[1]
>
> Document Request No. 26 seeks "[a]ll monthly, annual, and periodic income statements, profit & loss statements, and cash flow statements from January 1, 2005 to present."[2]
>
> Document Request No. 27 seeks "[a]ll monthly, annual, and periodic balance sheets from January 1, 2005 to present."[3]
>
> Document Request No. 28 seeks "[a]ll documentation submitted to any financial institution from January 1, 2005 to present, for the purpose of securing credit, including but not limited to, applications, security interests, income statements, and balance sheets."[4]
>
> Document Request No. 29 seeks "[a]ll monthly, annual, and periodic reports reflecting your accounts receivable from January 1, 2005 to present."[5]

---

[1] Def.'s Resps. to Pl.'s First Req. for Produc. of Docs., attached as Ex. 1 to Mem. in Supp. of Pl.'s Renewed Mot. to Compel Disc. (doc. 103), at 5.

[2] Def.'s Resps. to Pl.'s Second Req. for Produc. of Docs., attached as Ex. 2 to to Mem. in Supp. of Pl.'s Renewed Mot. to Compel Disc. (doc. 103), at 1.

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

3

Document Request No. 30 seeks "[a]ll monthly, annual, and periodic reports reflecting your accounts payable from January 1, 2005 to present."[6]

Document Request No. 31 seeks "[a]ll monthly and annual statements of account for accounts which you have held with any financial institution at any time from January 1, 2005 to present."[7]

Interrogatory No. 18 states, "Identify the assets and liabilities of Universal Equipment, Inc., and their value as of the date of your response."[8]

Interrogatory No. 20 states, "Since the year of organization of Universal Equipment, Inc., to the present, if Universal Equipment, Inc., has ever declared a distribution or dividend, state: a) the date of such declaration; b) the amount of each distribution or dividend declared; c) all such declared distributions or dividends that were paid; and d) the date of payment of each distribution."[9]

Interrogatory No. 21 states, "Has Universal Equipment, Inc. loaned any of its assets to any officer, manager or employee? If so, state: a) the date of the loan; b) the amount of the loan; c) the rate of interest; d) the person to whom the loan was made; and e) the identity of the documents related to the loan."[10]

Interrogatory No. 22 states, "State whether funds or assets of Universal Equipment, Inc. have been used or diverted to satisfy personal obligations, debts, or liabilities of any of its managers, officers, or employees. If so, state: a) the name of the officer, manager or employee requesting or benefitting from such diversion of Universal Equipment, Inc., assets; b) the amount or quantity of corporate assets diverted to such use; c) the date of such diversion; d) the identity of the party or entity receiving such funds or assets; and e) the identity of documents related to the transactions."[11]

Interrogatory No. 23 states, "Since January 1, 2005, if Universal Equipment, Inc., has ever transferred assets and/or funds to a foreign account, state: a) the date of the transfer, b) the

---

[6] *Id.*

[7] *Id.*

[8] Def.'s Resps. to Pl.'s Second Set of Interrogs., attached as Ex. 3 to Mem. in Supp. of Pl.'s Renewed Mot. to Compel Disc. (doc. 103), at 1.

[9] *Id.* at 2.

[10] *Id.* at 2-3.

[11] *Id.* at 3.

4

location of the account; c) the name of the account owner; d) the reason for the transfer; and e) the amount transferred."[12]

Interrogatory No. 24 states, "For each payment which you have made to Alastair Robertson from January 1, 2005 to present, state: a) the date of the payment; b) the amount of the payment; c) the purpose of the payment, i.e., salary, loan, reimbursement for company expense, etc.; and d) the identity of all documents reflecting the payment."[13]

Defendant Universal Equipment objected to these document requests and interrogatories on the grounds that they do not seek relevant information and they seek confidential information. The Court will address each of these arguments in turn.

### A. Relevance

Under Fed. R. Civ. P. 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[14] "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of a party."[15]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[16]

---

[12] *Id.* at 3-4.

[13] *Id.* at 4.

[14] Fed. R. Civ. P. 26(b)(1).

[15] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

[16] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656-57 (D. Kan. 1999) (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (internal quotations omitted).

5

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[17]

With respect to Plaintiff's request to compel production of tax returns, the Court must apply a different rule. Although, as a general rule, courts do not favor compelling production of tax returns, there is no absolute privilege preventing their discovery.[18] To that end, this district has "developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns."[19] "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[20] "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[21]

Plaintiff argues that the documents and information sought, including the tax returns, are relevant to its claims in this case. According to Plaintiff, Defendant Universal Equipment's financial documents and information concerning the flow of money between the named defendants are relevant to its veil-piercing claim against Defendant Robertson, the president and sole shareholder of Defendant Universal Equipment. Plaintiff argues that the tax returns are probative of the

---

[17] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

[18] *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan.1997).

[19] *Id.* (citations omitted).

[20] *Id.* (citations and quotations omitted).

[21] *Id.* (citations and quotations omitted).

6

relationship between Defendant Universal Equipment and other entities or individuals, namely Defendant Robertson, Universal Equipment Japan, and Mr. Yamashita. Plaintiff further argues that because Defendant Universal Equipment denies that it was a party to the purchase orders for the equipment, "determining the relationship and the flow of money between [Defendant] Universal [Equipment] and Universal Equipment/Yamashita are central issues."[22] Plaintiff claims that the documents and information requested could reveal whether the equipment sold by Plaintiff was ever treated as an asset of Defendant Universal Equipment, thereby negating Defendant Universal Equipment's argument that it only acted as a broker in the transactions.

Having considered Plaintiff's arguments, the Court concludes that the information and documents sought, including the tax returns, are relevant to the claims in this case. The Court agrees that the tax returns and other financial documents are relevant to show the relationship between Defendant Universal Equipment and Defendant Robertson, as well as Universal Equipment Japan and Mr. Yamashita.[23] Thus, with respect to the requested tax returns, the burden shifts to Defendant Universal Equipment to explain why this information is not "readily available" from other sources. In addition, with respect to all other financial information and documents sought, the burden shifts to Defendant Universal Equipment to demonstrate that the other financial documents and information "either do[] not come within the broad scope of relevance as defined under Fed. R. Civ.

---

[22] Reply to Def.'s Resp. to Pl.'s Renewed Mot. to Compel Disc. (doc. 117) at 5.

[23] *See Roberts v. Air Capitol Plating, Inc.*, No. 95-1348-JTM, 1997 WL 446266, at *8 (D. Kan. July 22, 1997) (citation omitted) (tax returns and other financial documents are relevant to determining the nature of the relationship between an owner and corporate entities).

P. 26(b)(1) or [are] of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[24]

Defendant Universal Equipment argues that the tax returns and other financial information sought by Plaintiff do not need to be produced because they do not disclose the sources of income or assets and because "the financial information that has already been produced to [Plaintiff] discloses all funds received from or paid to Mr. Yamashita, and the flow of money and relationship between [Defendant] Universal Equipment and [Plaintiff]."[25] Defendant Universal Equipment further argues that it "has already made full disclosure of all financial transactions involving Mr. Yamashita and its relationship with Mr. Yamashita."[26] Defendant Universal Equipment lists the documents that it has already produced that "completely reveal" the flow of money and that demonstrate Mr. Yamashita's relationship, or lack thereof, with Defendant Universal Equipment. According to Defendant Universal Equipment, "[t]here are no k-1s or 1099s involving Mr. Yamashita because he was not a shareholder of, or partner with, Universal Equipment, and he was not involved in any joint venture with Universal Equipment."[27] Defendant Universal Equipment argues that "[i]f there were such a relationship, then Universal Equipment was required to produce such documents and would have done so."[28] In sum, Defendant Universal Equipment claims that

---

[24] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu*, 1994 WL 810246, at *1) (internal quotations omitted).

[25] Def.'s Brief in Opp'n to Pl.'s Renewed Mot. to Compel Disc. (doc. 113) at 7.

[26] *Id.* at 3.

[27] *Id.* at 7.

[28] *Id.*

8

it has already "produced every conceivable document that has some relationship to the claims against it."[29]

The Court is not persuaded by Defendant Universal Equipment's arguments. With respect to the tax returns, the Court concludes that Defendant Universal Equipment has not demonstrated how the information contained in the tax returns is readily available from other sources. Rather, Defendant Universal Equipment makes the conclusory statement that it has already produced the information that Plaintiff needs. This falls short of Defendant Universal Equipment's burden of explaining how the information in the tax returns is readily available from other sources. The Court concludes that the tax returns sought by Plaintiff are relevant and that the information contained in the tax returns is not readily available from other sources. The Court therefore overrules Defendant Universal Equipment's relevance objection to Document Request No. 22.

As for the other financial documents and information sought by Plaintiff, the Court is not persuaded that these documents and information are not relevant or that they "are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[30] Defendant Universal Equipment appears to have produced some of the relevant documents. However, this does not alleviate Defendant Universal Equipment's obligation to produce all relevant and responsive documents requested by Plaintiff. The Court concludes that the financial documents and information requested by Plaintiff are relevant to the claims in this case, including the veil-piercing claim against Defendant Robertson. The Court

---

[29] *Id.* at 5.

[30] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu*, 1994 WL 810246, at *1) (internal quotations omitted).

9

therefore overrules Defendant Universal Equipment's relevance objection to Document Request Nos. 26-31 and Interrogatory Nos. 18, and 20-24.

   B.   **Confidentiality**

Defendant Universal Equipment also objects to Plaintiff's discovery requests and interrogatories on the grounds that they seek confidential information. However, the fact that the requested financial information and documents may be confidential does not make them privileged.[31] Thus, Defendant Universal Equipment's confidentiality objection does not shield the requested financial information and documents from discovery.[32] "Although information is not shielded from discovery on the sole basis that the information requested is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information."[33] Here, the parties already have a protective order in place which protects the disclosure of confidential information, including financial statements, tax returns and other confidential financial information.[34] Accordingly, the Court overrules Defendant Universal Equipment's confidentiality objection to Document Request Nos. 22, and 26-31 and Interrogatory Nos. 18, and 20-24.

**IV.   EXPENSES**

The Court must now consider the issue of expenses because the Court has granted Plaintiff's Motion. Fed. R. Civ. P. 37 governs the payment of expenses in connection with motions to compel.

---

[31] *Doebele v. Sprint Corp.*, No. 00-2053-KHV, 2001 WL 1718259, at *7 (D. Kan. June 5, 2001).

[32] *Id.*

[33] *Id.*

[34] Protective Order (doc. 38).

10

Fed. R. Civ. P. 37 provides that when a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[35] However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[] or other circumstances make an award of expenses unjust."[36]

As Fed. R. Civ. P. 37(a)(5)(A) expressly provides, the Court must award fees and expenses under Fed. R. Civ. P. 37(a)(5)(A) only after the Court has afforded the parties the "opportunity to be heard." To satisfy this requirement, the Court directs Defendant Universal Equipment to show cause, in a pleading filed with the Court **within 20 days** of the date of this Order, why it and/or its attorneys should not be required to pay the reasonable attorney fees and expenses Plaintiff incurred in making the Motion. Plaintiff shall have **11 days** thereafter to file a response thereto, if it so chooses. In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Plaintiff has incurred, and for the filing of any related briefs.

## V.     Conclusion

For the foregoing reasons, the Court overrules Defendant Universal Equipment's relevance and confidentiality objections to Document Request Nos. 22, and 26-31 and Interrogatory Nos. 18, and 20-24 and grants Plaintiff's Motion. Defendant Universal Equipment shall provide all responsive documents to Document Request Nos. 22, and 26-31 **within 20 days** of the date of the

---

[35] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

[36] *Id.*

entry of this Order. Such production shall take place at the offices of Plaintiff's counsel or at any other location agreed upon by the parties. Defendant Universal Equipment shall also fully answer Interrogatory Nos. 18, and 20-24 **within 20 days** of the date of the entry of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Compel Discovery (doc. 102) is granted.

**IT IS FURTHER ORDERED** that Defendant Universal Equipment shall show cause, in a pleading filed with the Court **within 20 days** of the date of this Order, why it and/or its attorneys should not be required to pay the reasonable attorney fees and expenses Plaintiff incurred in making the Motion. Plaintiff shall have **11 days** thereafter to file a response thereto, if it so chooses. In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Plaintiff has incurred, and for the filing of any related briefs.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 21st day of June 2010.

                                                             s/ David J. Waxse
                                                             David J. Waxse
                                                             U.S. Magistrate Judge

cc:     All counsel and *pro se* parties